UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DERRECK BERCIER JR** | **CASE NO. 6:24-CV-01092** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **A B C INSURANCE CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before this Court is CITY OF KAPLAN'S MOTION TO DISMISS FIRST AMENDING COMPLAINT filed by defendants Patrick Doucet, in his official capacity, and the City of Kaplan. (Rec. Docs. 9, 17). Plaintiff Derreck Bercier, Jr. partially opposes the motion. (Rec. Doc. 16). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that the instant motion be GRANTED.

### Factual Background

Plaintiff Derreck Bercier, Jr. was driving in Kaplan, Louisiana on October 4, 2023 when he was stopped by Doucet, then employed as a police officer with the Kaplan Police Department. (Rec. Doc. 1 at ¶ 5). Bercier asked Doucet to explain why he was pulled over, but Doucet gave no response. (*Id.* at ¶ 7). Instead, Doucet pointed his firearm at Bercier and called for backup. (*Id.* at ¶ 7). Officer Bobbie Jo Domingue arrived at the scene and similarly unholstered her firearm and pointed it at Bercier. (*Id.* at ¶ 8). Bercier continued to ask the officers to explain why he was pulled over. During this exchange, Doucet holstered his firearm, unholstered his taser and applied the taser to Bercier's left thigh. (*Id.* at ¶¶ 9–10). The officers forcibly restrained Bercier, handcuffed him, and placed him in Officer Domingue's police cruiser with his hands behind his back. Bercier alleges that, during this time, he asked to be permitted to use the bathroom and was denied permission, which led to him urinating on himself. (*Id.* at ¶ 12). A drug dog was used to search Bercier's vehicle,

which search revealed no drugs within the vehicle. (*Id.* at ¶ 13). Bercier was taken to the police station where he was charged with a stop sign violation, two counts of resisting an officer, and refusing to identify himself, after which he was booked, strip searched and placed in a holding cell. (*Id.* at ¶ 14). Kaplan Police Chief Joshua Hardy subsequently reviewed body worn camera footage of Bercier's traffic stop and ensuing arrest and determined that the charges should be dropped and that Bercier should be released from custody. (*Id.* at ¶ 16). Following these events, Doucet was arrested on charges of filing false public records, malfeasance in office, and aggravated battery and was terminated from his employment with the Kaplan Police Department. (*Id.* at ¶ 17).

Bercier filed the instant suit on August 14, 2024, naming the Kaplan Police Department, Patrick Doucet in his individual and official capacities, and ABC Insurance Company as the insurer of the Kaplan Police Department. (Rec. Doc. 1 at ¶ 4). The Complaint asserts claims under the Fourth, Fifth, Sixth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, state law claims for assault and battery and vicarious liability, and a *Monell* claim. (*Id.* at ¶¶ 1–2). Bercier amended his Complaint on October 28, 2024, substituting the City as named defendant in place of the Kaplan Police Department.[1] (Rec. Doc. 7).

## **Applicable Standards**

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir. 2004). When reviewing a motion to dismiss, a district court may also consider "documents incorporated

---

[1]   Pursuant to LR 7.6.1, Bercier's Amended Complaint (Rec. Doc. 6) should have restated Plaintiff's original Complaint, rather than pleading by reference.

into the complaint by reference and matters of which a court may take judicial notice." *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting C. Wright & A. Miller, 5C Federal Practice and Procedure 3d § 1216, pp. 235-36). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl. v. Twombly*, 127 U.S. at 570.

3

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. v. Twombly*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

## Analysis

### I. *Bercier concedes to dismissal of several claims*

The instant motion seeks dismissal of Bercier's Sixth Amendment claims on the basis that Bercier alleges "no facts pertaining to any criminal prosecution" by the City. (Rec. Doc. 9-1 at p. 11). Specifically, although the City admits that Bercier was arrested, it argues that Bercier does not allege he was subjected to criminal prosecution, such as may give rise to claims under the Sixth Amendment. Bercier's opposition brief concedes to dismissal of this claim, affirming that his claims for false arrest and excessive force are asserted under the Fourth Amendment. (Rec. Doc. 16 at p. 9).

The motion also seeks dismissal of Bercier's Fifth Amendment claims on the basis that Bercier fails to allege facts that would support claims under that amendment, such as for indictment, double jeopardy, self-incrimination, due process or just compensation. (Rec. Doc. 9-1 at pp. 11–12). Bercier's opposition brief also concedes to dismissal of all purported Fifth Amendment claims, affirming that no Fifth Amendment claims are stated. (Rec. Doc. 16 at p. 9).

The motion further seeks dismissal of Bercier's *Monell* claims against Doucet in his official capacity. (Rec. Doc. 9-1 at pp. 12–13). Bercier's opposition brief concedes to dismissal of his *Monell* claim against Doucet in his official capacity. (Rec. Doc. 16 at p. 9).

Based on the absence of a "criminal prosecution" under the facts alleged in Bercier's Amended Complaint, the motion also seeks dismissal of Bercier's state and federal law claims for malicious prosecution. (Rec. Doc. 9-1 at pp. 12–15). Bercier's opposition brief concedes to dismissal of all state and federal malicious prosecution claims. (Rec. Doc. 16 at p. 9).

Finally, the motion seeks dismissal of all punitive damage claims against the City and Doucet in his official capacity because the City is not subject to punitive damages under § 1983 and claims against Doucet in his official capacity are construed as claims against the City, of which Doucet is an agent. (Rec. Doc. 9-1 at p. 19). Bercier's opposition brief concedes to dismissal of all punitive damage claims against the City and Doucet, in his official capacity. (Rec. Doc. 16 at p. 9).

## II.     *Monell claim against the City*

The motion seeks dismissal of Bercier's *Monell* claims against the City for negligent hiring of Doucet, and for failure to supervise, monitor, and train Doucet during his employment as an officer with the Kaplan Police Department. (Rec. Doc. 9-1 at pp. 9–11).

In *Monell v. Dep't of Social Servs. of City of New York*, the Supreme Court held that municipalities and local government units were "persons" within the meaning of § 1983 and, thus, subject to suit for monetary, declaratory, and injunctive relief where an official policy or custom is responsible for the deprivation of rights alleged. 436 U.S. 658, 690 (2018). Fifth Circuit jurisprudence organizes this inquiry into the following elements: "(1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (citing *Pitrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell, supra*,

5

at 694)). An official policy may be shown through written policy statements, ordinances, regulations, or a "widespread practice which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Armstrong v. Ashley*, 60 F.4th 262, 276 (5th Cir. 2023) (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). To constitute a custom, the practice must have occurred for so long or so frequently that it may fairly be attributed to the governmental entity as the "expected, accepted practice" of its employees. *Martinez v. Nueces Cnty., Texas*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 850–51 (5th Cir. 2009)).

Bercier's Amended Complaint alleges that the City overlooked and failed to investigate misconduct by Doucet and further alleges that statements made by Chief Hardy on October 5, 2023 during an interview support these allegations, essentially acknowledging that Doucet's conduct and that of other officers was a known concern prior to the incident giving rise to this suit. (Rec. Doc. 6 at ¶ 33). Specifically, Bercier's opposition brief cites Chief Hardy's statements that he has arrested three Kaplan police officers since 2018 and that "they think they're above the law." (Rec. Doc. 16 at pp. 3–4). Although these direct quotes from Chief Hardy's interview were not included in Bercier's Amended Complaint, the interview from which they were taken was referenced therein, making consideration of Chief Hardy's statements proper under Rule 12(b)(6).[2] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

---

[2] Interview at Rec. Doc. 16-7.

To state a *Monell* claim against a municipality for failure to train, supervise, or discipline employees, a plaintiff must show that "(1) the municipality's training, supervisory, or disciplinary policies or procedures were inadequate; (2) the inadequate policy was a 'moving force' in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting the inadequate policy." *Valle v. City of Houston*, 613 F.3d 536, 544 (5th Cir. 2010) (citing *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010); *Pineda v. City of Houston*, 291 F.3d 325, 322 (5th Cir. 2002)).

Bercier's Amended Complaint alleges, in pertinent part, that the City is liable

> for failing to properly supervise, monitor, or train their police officers, like…Doucet, for overlooking misconduct, for failing to properly investigate misconduct, and for implicitly or explicitly adopting careless and reckless policies, customs, or practices which caused Petitioner's damages.

(Rec. Doc. 6 at ¶ 31). The Amended Complaint alleges inadequate training, supervision, and discipline without any supporting factual detail whatsoever. (Rec. Doc. 6 at ¶ 31). Likewise, Bercier fails to allege facts which, if proven, would support the conclusion that inadequate training or supervision by the City was the "moving force" behind the alleged violation of Bercier's constitutional right to be free from excessive force, false arrest and detention. Finally, Bercier fails to allege facts that would support a finding of deliberate indifference to Bercier's constitutional rights. Although Chief Hardy's interview statements do reference three officer arrests between 2018 and 2023, these statements do not describe—nor does Bercier allege—that these arrests were for similar misconduct, such that this Court has no basis to conclude that Bercier has plead facts demonstrating a "pattern of similar constitutional violations." *Connick v. Thompson*, 563 U.S. 51, 61–62 (2011).

Defendants' motion further argues that, to the extent Bercier's Amended Complaint may be read to include a *Monell* claim based on ratification, such claim is also insufficiently alleged. (Rec. Doc. 17 at p. 9). The theory of ratification permits the imposition of municipal

7

liability where "authorized policymakers approve a subordinate's decision and the basis for it." *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). Review of the Amended Complaint reveals no factual allegations upon which application of the theory of ratification might be based. Moreover, the facts as alleged by Bercier indicate that Chief Hardy became aware of Doucet's use of excessive force the very next day and promptly commenced an investigation which resulted in Doucet's firing. Taken as true, these facts indicate swift action by Chief Hardy to investigate and discipline Doucet, rather than ratification.

"To get past the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts.'" *Henderson v. Harris Cnty., Texas*, 51 F.4th 125, 130 (5th Cir. 2022) (quoting *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018)). After careful review of Bercier's *Monell* claims against the City, the undersigned finds that the Amended Complaint fails to allege sufficient facts and is conclusory in nature. Accordingly, dismissal of Bercier's *Monell* claims against the City will be recommended.

## Conclusion

For the reasons discussed herein, the Court recommends that Defendants' instant Motion to Dismiss (Rec. Doc. 9) be GRANTED and, accordingly, that Plaintiff Derreck Bercier, Jr.'s claims under the Fifth and Sixth Amendment be DISMISSED with prejudice; that Bercier's *Monell* claims against the City of Kaplan and defendant Patrick Doucet in his official capacity be DISMISSED with prejudice; that Bercier's federal and state law malicious prosecution claims be DISMISSED with prejudice; and that Bercier's punitive damage claims against the City of Kaplan and defendant Patrick Doucet be DISMISSED with prejudice, preserving all other claims for further proceedings consistent with the foregoing analysis.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 2nd day of June, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**